

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 1, 2015

J.W. Carney, Jr., Esq.
J.W. Carney, Jr. & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116

      Re:    *United States v. Dino Dunkley*
              Criminal No. 14-cr-10271-RWZ

Dear Counsel:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Dino Dunkley ("Defendant"), in the above-referenced case. The Agreement is as follows:

      1.      <u>Change of Plea</u>

      At the earliest practicable date, Defendant shall plead guilty to the following counts of the above-referenced Indictment: Count Two, charging conspiracy to defraud the United States, in violation of 18 U.S.C. §371; and Counts Fifteen and Sixteen, charging illegally entering an airport and airport area with the intent to commit a felony, that is, to smuggle contraband in the form of purported drug proceeds in exchange for a cash smuggling fee, in violation of 49 U.S.C. §§46314(a) and (b)(2). Defendant acknowledges that in committing the offenses in Counts Fifteen and Sixteen, he intended to commit the offense of money laundering, in violation of 18 U.S.C. §1956, and that he smuggled $100,000 he believed to be drug proceeds through secure areas of Logan airport in exchange for a $3,000 fee. Defendant expressly and unequivocally admits that he committed the crimes charged in Counts Two, Fifteen, and Sixteen of the Indictment, did so knowingly, willfully and intentionally, and is in fact guilty of those offenses.

      The U.S. Attorney agrees to dismiss Count One, charging money laundering conspiracy, in violation of 18 U.S.C. §1956(h), and Counts Eight and Nine, charging money laundering, in violation of 18 U.S.C. §1956(a)(3), following the imposition of sentence at the sentencing hearing.

2.  Penalties

Defendant faces the following maximum penalties on Count Two of the Indictment: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; and a mandatory special assessment of $100. The defendant faces the following maximum penalties on each of Counts Fifteen and Sixteen of the Indictment: incarceration for 10 years; supervised release for 3 years; a fine of $250,000; and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.  Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.  Sentencing Guidelines

The U.S. Attorney will take the position that Defendant's total offense level under the United States Sentencing Guidelines ("USSG" or "Guidelines") is calculated as follows:

- with respect to Count Two, charging conspiracy to defraud the United States by interference with governmental functions, in violation of 18 U.S.C. §371, Defendant's base offense level is twelve in accordance with USSG §2C1.1(a)(2);

- with respect to Counts Fifteen and Sixteen, charging illegal entry into an airport and airport area with intent to commit a felony therein, in violation of 49 U.S.C. §§46314(a) and (b)(2), Defendant's base offense level is calculated under USSG §2S1.1 (because the most analogous offense is Trespass, USSG §2B2.3, which cross-references to USSG §2X1.1, and then to USSG §2S1.1). That base offense level is eight in accordance with USSG §2S1.1(a)(2), plus

eight levels under USSG §2B1.1(b)(1)(E) because the value of the laundered funds is more than $95,000. An additional six levels are added pursuant to USSG §2S1.1(b)(1) because Defendant believed the funds were drug proceeds; and

- the offense level applicable to Counts Fifteen and Sixteen groups with the offense level for Count Two, and pursuant to USSG §3D1.3, the offense level applicable to the Group is that of Counts Fifteen and Sixteen, the most serious of the counts comprising the Group.

Defendant reserves all rights with respect to how the USSG apply to Defendant.

The U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for a period between 24 and 33 months;

    (b)    24 months of supervised release;

    (c)    a mandatory special assessment of $300; and

    (d)    a fine of $3,000.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

6.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.     Waiver of Rights to Appeal and to Bring Future Challenge

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255 or 28 U.S.C. §2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

    (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, forfeiture, and

    restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge a sentence within the agreed-upon sentencing range (including any agreement relating to supervised release and fine) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

  (c)  The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

  (d)  Regardless of the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

8.  <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

10.  <u>Withdrawal of Plea by Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

11.  Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of any obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant, and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Carlos A. López.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
LORI J. HOLIK
Chief, Major Crimes Unit
ROBERT E. RICHARDSON
Deputy Chief, Major Crimes Unit

_____
CARLOS A. LÓPEZ
MAXIM GRINBERG
Assistant U.S. Attorneys

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

DINO DUNKLEY
Defendant

Date: 12-2-2015

I certify that Dino Dunkley has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

J.W. CARNEY, JR.
Attorney for Defendant

Date: 12-2-2015

8